## WORST v. THE COLONIAL SAVINGS BANK & TRUST CO.

*Verdict — Special — Failure to answer interrogatory.— Court can not enter judgment, when — Promissory note — Jury to determine amount due, when — Section 11455, General Code.*

1. In the absence of a general verdict, judgment should not be entered upon a special verdict unless the answers to the interrogatories submitted determine all the facts essential to the judgment, without reference to the testimony. (*Fries* v. *Mack*, 33 Ohio St., 52, distinguished.)

2. On the trial of an action on a promissory note, where a general verdict is not returned and the jury fails to answer a special interrogatory as to the amount to be recovered by the plaintiff, the trial court is not authorized to calculate the sum due plaintiff on the face of the note and enter judgment for the amount thus arrived at, since under the provisions of Section 11455, General Code, it is the duty of the jury to determine the amount to be recovered.

3. A general denial in an action on a promissory note does not authorize proof of payment.

(Decided July 2, 1919.)

ERROR: Court of Appeals for Sandusky county.

*Mr. Frank O. Farrell* and *Mr. W. J. Mead,* for plaintiff in error.

*Mr. D. B. Love* and *Mr. H. C. DeRan,* for defendant in error.

CUSHING, J.   The Colonial Savings Bank & Trust Company brought an action against J. W. Worst in the common pleas court of Sandusky county, to recover a judgment on a promissory note executed and delivered by Worst to the bank.   The petition was in short form under the code.   A copy of the note, with all credits and endorsements thereon, was set out in the petition.

Worst interposed three defenses:   A general denial, and the affirmative defenses that there was no consideration for the note, and that its execution and delivery were procured by false and fraudulent representations made by the bank.

On the trial of the cause, at the conclusion of all the testimony, a special verdict was requested and returned.   The jury in the special verdict answered nine of the ten interrogatories submitted.   The tenth interrogatory was:   "If upon your verdict, the court should be of the opinion that the plaintiff is entitled to judgment, at what amount do you assess his damages?"   This question was not answered.

January 24th the jury deliberated and returned into court with the special verdict, which was received, filed, and the jury discharged.   Defendant moved for judgment.   At the time defendant excepted to the receipt of the verdict.

January 27th plaintiff moved for judgment.

January 31st motion for judgment for defendant, notwithstanding special verdict.   Motion overruled. Defendant excepted.

Motion to set aside special verdict and for new trial overruled.   Defendant excepted.

Judgment in favor of plaintiff on special verdict rendered in sum of $4,583.71, with interest from January 6, 1919, and costs of suit.   Defendant to have statutory time for bill of exceptions.

It was stated in argument that the court calculated interest on the face of the note and thus arrived at the amount of the judgment.   Plaintiff in error contends that the action of the court in referring to the note offered in evidence to ascertain the amount due and the dates from which the interest should be calculated did not constitute the entering of a judgment on the verdict as provided by law.   Section 11465, General Code, provides as follows:   "When by the verdict either party is entitled to recover money from the adverse party, the jury must assess the amount of the recovery in its verdict."

In the case of *Niebling* v. *Laidlaw et al.,* 12 C. C., N. S., 463, the court in construing Section 5203, Revised Statutes, predecessor of Section 11465, General Code, held that if there was a mistake in the amount assessed by the jury it should have been sent out again for further deliberation, and quotes with approval *Claiborne* v. *Tanner,* 18 Tex., 68:

"There can be no clearer principle than that: 'Where a jury has intervened, and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment.   The court can not look to the evidence on which the verdict is found, in order to determine what judgment to render, but must look alone to the verdict.' "

Defendant in error cites the case of *Imperial Fire Insurance Company* v. *Kierman,* 83 Ky., 468, to support its contention that the court was correct in taking the face of the note and calculating the interest, and thus arriving at the amount of the judgment. In that case, at page 480, the court say:

"The special verdict found that the parties had, by agreement through arbitrators, fixed the entire loss, and it found the amount so fixed. This was before the court."

Clementson on Special Verdicts, page 224, states the rule to be:

"However clear and undisputed the evidence upon the issues not found, the court can not render judgment without usurping in part the functions of the jury, thereby infringing the right guaranteed by the Constitution and laws."

The case of *Fries* v. *Mack,* 33 Ohio St., 52, is cited in support of the contention that this judgment should be upheld. In that case the jury found that the amount due was $7,000, that there were seven promissory notes of $1,000 each, dated February 2, 1860. "The verdict awards 'interest from the date of maturity of the seven notes.'"

At page 61 the court say:

"The court found, from facts outside of the record, that the jury intended by their verdict to refer to certain notes, which had been offered in evidence upon the trial. Perhaps they did so intend, though the verdict does not say so. The facts found in regard to it are neither expressed nor necessarily implied in its language. But, even if it had been expressly stated in the verdict that the notes therein referred to were the same which had

been offered in evidence, would it have been competent for the court to look to the evidence, or to any matter *dehors* the record, for the purpose of fixing that which it was the sole province of the jury to determine? We think not."

In the *Fries case* the petition stated an action on the transcript of a judgment from the state of Kansas. The original action was based on the notes referred to and that were offered in evidence on the trial of the case in the superior court of Cincinnati.

In the case at bar the petition sets out a copy of the note. The rate of interest is fixed in the note at 6%. The principal sum bears interest from date, and provision is made in the note for interest at 6% after maturity on other sums. The jury did not find the amount due as in the *Fries case,* nor that the sum so found should bear interest, nor when the second computation of interest at 6% should commence. Whether the court looked to the petition, or to the note offered in evidence, the questions involved were such that the amount should have been left to the jury for its determination under the statute.

In the absence of a general verdict, judgment should not be entered upon a special verdict of the jury unless the answers determine all the facts essential to the judgment without reference to the testimony. Such special verdict can not be aided by intendment or by extrinsic facts. 38 Cyc., 1919; *Farmers Savings Bank* v. *Burr Forbes & Son,* 151 Iowa, 627, and *Spokane, etc., Rd. Co.* v. *Campbell,* 217 Fed. Rep., 518. See also *Bullock* v. *Mitchell,* 16 W. L. B., 354.

It is contended that the court was in error in submitting interrogatories 5, 6 and 7 of the special verdict to the consideration of the jury. In the absence of a bill of exceptions, we are unable to pass upon that assignment of error. From the answers, and answers to interrogatories 8 and 9, it would seem that the case was tried on the theory that the general denial put in issue the question of payment of the note or of partial payments.

The answer of the defendant below does not plead payment. Payment of a promissory note is an affirmative defense. *Margeson* v. *Kellar,* 12 C. C., N. S., 496.

A general denial in an action on a promissory note does not authorize proof of payment. The rule is that in actions which require allegations of demand and nonpayment, such as an action on a lease or an account, plaintiff must plead and prove such issues. In an action where demand and nonpayment are not essential allegations of plaintiff's cause of action, as in an action on a promissory note, payment is an affirmative defense and must be specially pleaded and proved. *Cochran* v. *Reich,* 36 N. Y. Supp., 233; *Guttermann* v. *Schroeder,* 40 Kans., 507; *Molone* v. *Ruffino,* 129 Cal., 514, and *Wolffe* v. *Nall et al.,* 62 Ala., 24.

Counsel urge that the motion of plaintiff and defendant for judgment on the special verdict brought the case within the rule of *Beckel* v. *Natl. Life Insurance Co. et al.,* 15 N. P., N. S., 266, and *Perkins* v. *Commissioners,* 88 Ohio St., 495. The rule of the cases stated is that where both the plaintiff and defendant at the conclusion of all the testimony move the court for an instructed verdict, such

motions, in law, waive a trial by jury and submit both the questions of law and fact to the court. The motions in this case were made after the special verdict had been returned, filed and the jury discharged. There was presented the one question as to whether or not the court could ascertain from the special verdict returned by the jury the amount due and calculate the interest without reference to the evidence in the case.

The judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

SHOHL, P. J., and HAMILTON, J., concur.

Judges of the First Appellate District, sitting in place of Judges KINKADE, RICHARDS and CHITTENDEN of the Sixth Appellate District.