## STATE COURT OF APPEALS
### No. 393
AMERICAN RY. EXP. CO. v. BENDER et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2755. Decided Mar. 1, 1926

1235. **VERDICTS—1. Court may not increase verdict of jury under its view of the evidence; even though based on the undisputed evidence.**

**2. Rules applicable to excessive verdicts here apply; and the court could only set aside the verdict of the jury.**

HAMILTON, J.

Stephen Bender and John Michael Streibig, doing business as Bender, Streibig & Co., brought this original action against the American Railway Express Co. in the Hamilton Common Pleas to recover damages claimed to have been suffered by reason of delay in a shipment of a consignment of beans to Cincinnati.

The jury returned a verdict in favor of Bender et. for $500. Within three days from rendition of the judgment on the verdict, attorneys for Bender filed a motion asking the court to increase the verdict to $1021.35. This the court refused, but increased the amount to $918.13.

It was argued by Bender that the $500 verdict was not in accordance with the undisputed evidence; that the undisputed evidence would require a verdict of $1,021.35. The court adopted the view that the undisputed evidence warranted the verdict of $918.13. The Express Co. prosecuted error and the Court of Appeals held:

1. The action of the trial court is without precedent; it depending upon Scott on Fundamentals of Procedure in Actions at Law, 142, wherein it is stated: "When the jury awards inadequate damages, but the rest of the verdict is in no way tainted, it should be possible to compel the defendant to pay an adequate amount."

2. The question then is, what power has a court, under its view of the evidence, to increase the verdict?

3. The power of the court to interfere with the verdict of the jury as to amount of damages in addition to that provided by statute by way of remittitur, in excessive verdicts, with the assent of the party whom the assent could prejudice.

4. Without consent of both, to a remittitur and judgment, the verdict in such case, must be vacated. 22 OS. 446.

5. If the verdict shows that damages assessed have been estimated upon an erroneous and illegal basis, the verdict should, on motion of party prejudiced, be set aside. 32 OS. 585.

6. While these cases are on the question of excessive verdict, there is no reason why the rules should not apply where verdict is inadequate.

7. If the verdict of the jury was contrary to the evidence, or had either party complained the Court could go no further than to set aside the verdict.

8. There was sufficient discrepancy in the evidence to make the question one for the jury; and not one of law on the undisputed facts.

9. However that may be, the Court was without power to arbitrarily increase the verdict of the jury without consent of the party prejudiced.

Judgment reversed with instructions to enter judgment on the verdict returned by the jury.

Attorneys—Maxwell & Ramsey and Frank Craydon for Express Co.; Moulinier, Bettman & Hunt, for Bender et; all of Cincinnati.

---

### No. 394
### CITY VIEW APT. & STORAGE CO. v. McKAY

Ohio Appeals, 9th Dist., Summit Co.

No. 1064. Decided Feb. 8, 1926

480. **EVIDENCE—Testimony of persons not party to action may be introduced to show that party making fradulent statements knew that they were untrue.**

RICHARDS, J.

This action was brought by the City View Apartment & Storage Co. to recover on a promissory note alleged to have been given as a payment on a stock subscription by R. H. McKay.

McKay defended alleging that certain representations were made to him at time he was induced to sign said note, which representations were false and untrue which the agent who obtained said note well knew.

Said agent denied making said false statements, and the court admitted testimony of other subscribers of stock regarding said statement, to which testimony objection was made and exceptions saved. Summit Common Pleas entered judgment in favor of McKay. Error was prosecuted, and the Court of Appeals held:

1. Where fraudulent representations are raised in defense of an action testimony of outsiders is admissible to prove that party making such false and untrue statements made same with full knowledge of their fraudulent character.

Judgment of Common Pleas affirmed.

Attorneys—Burch, Bacon & Delinger for City View Apt. Co.; Mather, Nesbitt & Willkie for McKay; all of Akron.