## Daly *v.* Savage.

(Decided December 5, 1927.)

*Messrs. Hayes & Barns,* for plaintiff in error.

*Messrs. Smith, Rogers & Smith,* for defendant in error.

MILLS, J. Daly prosecutes error from a judgment rendered in his favor in the court of common pleas in an action brought by him in that court against Savage.

The petition alleged that plaintiff had performed certain services for Savage; that Savage had contracted in advance to pay plaintiff the reasonable value thereof; that said reasonable value was $6,500, of which sum only half had been paid; and that there remained due plaintiff from defendant the sum of $3,250, and interest thereon from August 1, 1916, for which he prayed judgment.

Defendant admitted that the contract had been made, and that the services had been performed; but he denied that the reasonable value of the services exceeded the amount that he had already paid the plaintiff therefor.

The case was tried to a jury, which, on January 7, 1926, returned a verdict assessing "the amount due to the plaintiff from the defendant the said Oscar B. Savage at $1,625 without interest dollars."

Defendant filed a motion for a new trial.

Plaintiff filed no motion for a new trial, nor did he request the court to have the verdict corrected by the jury; but he did, on January 9, move, "notwithstanding the verdict of the jury herein, for a judgment on the verdict for $1,625, together with interest at 6 per cent. on said amount from the 1st day of August, 1916, until the first day of this term of court, to wit January 4, 1926."

On August 30 the court overruled plaintiff's said

motion, and plaintiff noted his exception to that ruling. On the same day the court overruled defendant's motion for a new trial, and entered judgment in favor of the plaintiff for $1,625 and costs, to which defendant excepted. The record shows that plaintiff noted no exception to the entry of this judgment.

On October 1, 1926, plaintiff moved for the court to "correct" its former judgment "by providing that said judgment in the sum of $1,625 should draw interest from the date of said verdict." This last motion was likewise overruled, and the plaintiff's exception was duly noted.

Plaintiff does not now ask for a new trial, but he asks this court to remand this cause to the court of common pleas, with instructions to vacate the judgment below and to enter a judgment for $1,625 and interest from August 1, 1916.

The trial court charged the jury as follows:

"Two forms of verdict will be furnished you, one finding in favor of the plaintiff, should you so find, containing a blank for you to fill in the amount of his recovery, which can in no event be larger than the $3,250 claimed, with interest on such amount as you may find, added thereto, in case your verdict is for the plaintiff."

The trial court also charged the jury that such interest should be calculated at the rate of 6 per cent. from August 1, 1916.

The record does not show that the plaintiff noted any exceptions to the charge as a whole, or to any part thereof.

Plaintiff's first motion was properly overruled by the trial judge. It does not come within any of the

provisions of the Code that empower a court to enter a judgment "notwithstanding the verdict" of a jury. See Sections 11464 and 11601 of the Ohio General Code.

Plaintiff claims that the words "without interest" inserted in the verdict indicate that the jury did not include any interest in the $1,625 assessed in their verdict. This contention is based on mere surmise, and must be rejected. The jury will be presumed to have followed the instructions of the court. The words "without interest," inserted by the jury, will be treated as mere surplusage.

This motion was therefore a request for the court to change the verdict by increasing the amount of the recovery assessed by the jury—a thing beyond the power of the court to do. *Niebling* v. *Laidlaw,* 12 C. C. (N. S.), 463, 22 C. D., 371; *Worst* v. *Colonial Sav. Bank & Tr. Co.,* 11 Ohio App., 308; *American Ry. Express Co.* v. *Bender,* 20 Ohio App., 436, 152 N. E., 197.

Plaintiff's second motion should have been granted. Section 8305, General Code, provides for interest on money due and payable upon contracts where the parties have not, in writing, stipulated for interest at a specified and lawful rate. The words used in that section are "when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor shall be entitled to interest at the rate of six per cent. per annum, and no more."

The general question as to interest has been dis-

cussed by this court in the case of *Lane & Bodley Co.* v. *Day,* 13 Ohio App., 476.

The present action was upon contract. In view of the instructions given to the jury by the trial judge, the interest calculated by the jury for their verdict will be presumed to have run to the day the verdict was rendered. The delay in entering judgment should not operate to deprive the plaintiff of his interest for the period intervening between the date of the verdict and the date of the judgment. Authority for this holding may be found in *Sproat's Ex'r.* v. *Cutler,* Wright, 157; *American Gypsum Co.* v. *Lake Shore & M. S. Ry. Co.,* 7 Ohio App., 145; *Griffith* v. *B. & O. Rd. Co.* (C. C. A.), 44 F. 574; *Miami Cycle & Mfg. Co.* v. *National Carbon Co.* (C. C. A.), 268 F., 46.

This cause will therefore be remanded to the court of common pleas, with instructions to amend the judgment below so as to include therein interest.

*Judgment modified and affirmed.*

HAMILTON, P. J., concurs.

CUSHING, J., dissents to that part of the opinion relating to interest on the verdict.