THE AMERICAN NATIONAL CO. *v.* THE THOMPSON SPOT WELDER CO.

(Decided February 13, 1928.)

*Messrs. Taber, Chittenden, Daniells & Cochrane,* for plaintiff in error.

*Messrs. Kirkbride, McCabe & Boesel,* for defendant in error.

WILLIAMS, J.  The sole question presented to the court in this proceeding in error is whether or not the court of common pleas erred in sustaining a demurrer to the answer.

The plaintiff below, the Thompson Spot Welder Company, brought an action against the defendant, the American National Company, to recover the so-called royalty upon a contract licensing a spot-welding machine.  After a demurrer to the answer was sustained, the defendant below not desiring to plead further, a judgment was entered in favor of the plaintiff for the amount claimed, with interest.

After averring· the corporate existence of the American National Company and of the American Metal Wheel Company, the petition sets forth, in substance, that the plaintiff and the American Metal Wheel Company entered into an agreement in writing, whereby the plaintiff licensed the American Metal Wheel Company to use a spot-welding machine in manufacturing vehicles, and that, in consideration therefor, the American Metal Wheel Company agreed to pay plaintiff $250 per year, payable quarterly in arrears; that it was further agreed that,

upon the receipt, within 30 days after the expiration of any quarter, of a written report of the American Metal Wheel Company of the number of hours the American Metal Wheel Company had used said spot-welding machine during the preceding quarter, a credit on the amount due for royalties of 20 per cent. per hour should be allowed for the number of hours less than 300 which the American Metal Wheel Company had used said machine during said quarter; that, thereafter, the American Metal Wheel Company, with the consent of the plaintiff, assigned all its rights, title, and interest in and under said contract to the defendant, the American National Company, and that said defendant, "in consideration thereof promised and agreed to assume all obligations and be bound by all the covenants of the American Metal Wheel Company under said contract"; and that the defendant has paid no part of said royalties since July 1, 1920, and has submitted no statement of the number of hours less than 300 per quarter which said machine had been used by the defendant since said last-named date. There were other allegations in the petition, but those mentioned constitute the gist of the action.

The answer of the defendant admits its corporate existence, and admits that the agreement was entered into between the American Metal Wheel Company and the plaintiff, as alleged in the petition; admits the assignment of the contract by the American Metal Wheel Company to the defendant; and admits that, since July 1, 1920, it has made no payments to the plaintiff under said agreement, and has not submitted to the plaintiff since that date a report of the idle time of the machine, and denies all

allegations of the petition not specifically admitted. The answer then sets forth as an affirmative defense that the assignment of the contract by the American Metal Wheel Company to the defendant was invalid, for the reason that it was not supported by sufficient consideration, and was induced by fraudulent representation of the plaintiff that it had a valuable and enforceable patent covering the spot-welding machine, that such representation was false, and that the patent was in fact invalid, and had been held invalid by an adjudication of the federal court. The answer contained other allegations essential in the defense of fraud, but averred no other false representation.

It is a general principle that an assignment of a contract does not operate to cast upon the assignee liabilities imposed by the contract on the assignor. 2 Ruling Case Law, page 625, Section 34. While the answer admits the assignment, it denies, under the general denial contained therein, that the defendant promised and agreed to assume all obligations and be bound by the covenants of the American Metal Wheel Company under said contract. The demurrer of plaintiff to the answer was a general demurrer, and not a demurrer to the new matter set up by way of defense. As an issue of fact was presented under the general denial as to whether or not the defendant agreed to assume such obligations and be bound by such covenants, the answer was not demurrable, and the court erred to the prejudice of plaintiff in error in sustaining the demurrer.

This court held in *Gould* v. *Gerkin,* 28 Ohio App., 309, 162 N. E., 701, that a statement that a device is or is not patentable is a matter of opinion, and

that the falsity of a representation of that character could not afford a ground for avoiding a contract. A representation that a patent is valid is a matter of opinion on a question of law, and cannot, as a rule, be a basis for avoiding the contract. *Dillman* v. *Nadlehoffer,* 119 Ill., 567, 7 N. E., 88; *Reeves* v. *Corning* (C. C.), 51 F., 774.

There is no allegation contained in the new matter which shows that the alleged false representation was intended as, and accepted by the parties as, a statement of fact, and not a mere expression of opinion. If the defendant below assumed the liabilities and obligations of the assignor as a part of the contract of assignment, and thereafter continued to use the spot-welding machine unmolested, under and by virtue of the terms of the license contract in question, it could not avoid liability for the royalties, merely because the patent was invalid. *Platt* v. *Fire-Extinguisher Mfg. Co.* (C. C. A.), 59 F., 897; *Moore* v. *National Water-Tube Boiler Co.* (C. C. A.), 84 F., 346; *United States* v. *Harvey Steel Co.,* 196 U. S., 310, 25 S. Ct., 240, 49 L. Ed., 492; *Marston* v. *Swett,* 66 N. Y., 206, 23 Am. Rep., 43; *Skinner* v. *Wood Mowing & Reaping Machine Co.,* 140 N. Y., 217, 35 N. E., 491, 37 Am. St. Rep., 540; *Jones* v. *Burnham, Jr.,* 67 Me., 93, 24 Am. Rep., 10; *Marsh* v. *Harris Mfg. Co.,* 63 Wis., 276, 22 N. W., 516.

The averment of the answer that the assignment of the contract was not supported by sufficient consideration is defensive matter. The defense based on fraudulent representation, however, is wholly insufficient, for the reasons indicated.

The judgment of the court below is reversed, with

instructions to overrule the demurrer to the answer and for further proceedings.

*Judgment reversed.*

RICHARDS, P. J., and LLOYD, J., concur.