CITY OF CINCINNATI *v.* BAKER ET AL.

(Decided May 20, 1929.)

*Mr. John D. Ellis*, city solicitor, and *Mr. Milton H. Schmidt*, for plaintiff in error.

*Mr. Coleman Avery*, for defendants in error.

HAMILTON, J. The defendants in error brought an action in the court of common pleas against the plaintiff in error and the board of rapid transit commissioners of the city of Cincinnati, Ohio, charging a change of grade of the street in front of and along the side of their property, raising the level of the street, and claimed that the plaintiffs could not make their buildings conform to the present grade except at great expense. They asked damages therefor in the sum of $1,500, with interest.

The petition further recites that the plaintiffs filed

a claim for damages to the property described in the petition with the board of rapid transit commissioners, but that no settlement or adjustment of the claim was made.

The answer of the rapid transit commissioners admits the organization of the board of rapid transit commissioners, and that the city of Cincinnati is a municipal corporation; admits the filing of the claim for damages by the plaintiffs, and follows with a denial of the other allegations of the petition. The answer of the city of Cincinnati contained the same allegations as that of the board of rapid transit commissioners.

The pleadings, therefore, raised the issues of change of grade, the damages to the property, if any, and the amount thereof.

The case was tried to a jury and resulted in a verdict in favor of the plaintiffs and against the city of Cincinnati in the sum of $1,115, which said verdict was returned on the 6th day of December, 1928.

On December 8, 1928, the plaintiffs filed their motion for judgment on the verdict for the sum of $1,672.50, and filed another motion to set aside the verdict and for a new trial, setting forth all of the grounds for a new trial provided by the statute. One of the grounds for a new trial was that the verdict was inadequate and contrary to the undisputed evidence as to the amount of damage.

The court, upon consideration of the motion for a new trial, granted the same, and set aside the verdict, and entered the following remarkable judgment:

"This cause coming on to be heard on the motion of the plaintiffs to set aside the verdict

and for a new trial and upon the motion of the plaintiffs that the court enter judgment upon the verdict of the jury in the total sum of Sixteen hundred and seventy-two and 50/100 ($1672.50) Dollars, and it appearing to the court that there was no dispute in the case as to the amount of the damages, but only a dispute as to whether the plaintiffs were entitled to recover at all for change of grade, and it further appearing to the court that the evidence was undenied, undisputed and uncontroverted that the amount of the damages was Sixteen hundred and seventy-two and 50/100 ($1672.50) Dollars, and the court having at the close of all the evidence in the case, upon the motion of both parties for a directed verdict, decided to direct a verdict for the plaintiffs in the sum of Sixteen hundred and seventy-two and 50/100 ($1672.50) Dollars, but the defendant thereafter and before such verdict was directed having asked for leave to go to the jury and the jury having found upon all the issues in favor of the plaintiffs but assessing the damages in a sum inadequate to the amount of Five hundred and fifty-seven and 50/100 ($557.50) Dollars, the court does now set aside said verdict and judgment for the plaintiffs upon the pleadings and the evidence in the sum of Sixteen hundred and seventy-two and 50/100 ($1672.50) Dollars.

"It is therefore considered, ordered and adjudged that the plaintiffs, Edith A. Baker, Ethel A. Cochran and Coleman Avery recover from the defendant, the City of Cincinnati, the sum of Sixteen hundred and seventy-two and 50/100 ($1672.50) Dollars, with interest at the rate of Six (6%) per cent. per annum from October 1, 1928 and their costs herein expended.

"To all of which the defendants, by their counsel, except."

It would seem that a reading of the judgment would be sufficient to show the necessity for a reversal. However, if any authority is needed, it is found in the case of *American Ry. Express Co.* v. *Bender,* 20 Ohio App., 436, 152 N. E., 197.

Having granted the motion for a new trial, the court was without power to make any further finding in the case.

The judgment will be reversed, and the cause remanded to the trial court, with instructions to proceed with a new trial in accordance with its decision on the motion; all other matters and things in the judgment will be set aside, and held for naught.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and ROSS, J., concur.