HORVATH, Plaintiff, v. LEFTON et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 663067.   Decided March 17, 1961.

14

*Mr. Gilbert H. Wieder*, for plaintiff.
*Messrs. Davies, Eshner, Johnson & Miller*, for defendant, Gilbert Lefton.
*Mr. Harold H. Kahn*, for new party defendants.

SILBERT, J., J. The defendant, Gilbert Lefton, hereinafter designated Seller-Debtor, was granted an oral rehearing after the Court sustained in part the demurrers of the plaintiff, David Horvath, hereinafter designated Assignee, and the new parties defendant, William A. Risman, William Drosd and Henry Lefkowitz, hereinafter designated Assignors to a second amended cross-petition. This memorandum will dispose of said motion for a rehearing keeping in mind that the written portion of it is directed solely to the ruling sustaining prongs 3 and 4 of the demurrer of Assignee.

In giving the pleadings as liberal a construction as possible, 43 Ohio Jurisprudence 2d, 64 No., 58, the events and contracts here involved arose as follows.

On December 17, 1953, the Seller-Debtor entered into a written agreement with the Assignors to sell them certain real property which they agreed to buy. This then is contract No. 1.

Contemporaneous with the making of the agreement as to the real estate, the Assignors entered into an agreement in writing with the Seller-Debtor that they would purchase from House Mart, Inc., not a party to this action, all lumber for a project for the real estate or else pay Seller-Debtor $1500 as liquidated damages, he being at the time employed by House Mart, Inc. as a salesman on a commission basis. This is contract No. 2.

On January 20, 1954, Assignors assigned to Assignee all of their rights, title and interest to said written agreement as to the real estate; and both of them notified the Seller-Debtor. This is contract No. 3.

On the same date, January 20, 1954, Assignee agreed in writing to perform the obligations of Assignors to purchase the lumber or pay the $1500 liquidated damages to the Seller-Debtor. This is contract No. 4.

These four contracts are brought to the attention of the Court in the pleadings; first, by a Second Amended Petition wherein Assignee by virtue of the rights granted under contract No. 2 sues Seller-Debtor for damages arising out of the refusal to perform contract No. 1; second, the Second Amended Answer by Seller-Debtor wherein contract No. 1 is admitted and then a defense based upon an oral refusal by Assignee to complete the transaction followed by a general denial of all the remaining allegations in the Second Amended Petition; third, by a Second Amended Cross-Petition where the Seller-Debtor joins the Assignors as new parties defendant and again sets out the general terms of contract No. 1 and then the terms of contracts Nos. 3 and 4 and then prays for damages against both the Assignee and Assignors for damages for the failure on the part of Assignors to perform contract No. 3 and for the failure on the part of Assignee to perform contract No. 4; fourth, to the Second Amended Cross-Petition there were filed four prong demurrers by both the Assignee and the Assignors:

(a) the demurrer of the Assignors was based upon the following grounds: :

(1) On the face of the cross-petition, there is a misjoinder of parties plaintiff and defendant.

(2) On the face of the cross-petition, there is a defect of parties plaintiff and defendant.

(3) On the face of the cross-petition, several causes of action are improperly joined.

(4) On the face of the cross-petition, separate causes of action against several parties are improperly joined.

The Court overruled the prongs numbered 1 and 2 and sustained 3 and 4.

(b) The demurrer of the Assignee was based upon the following grounds:

(1) The cross-petition fails to state facts constituting a cause of action against plaintiff.

(2) There is a misjoinder of parties defendant.

(3) There is an improper joinder of separate causes of action against plaintiff and new parties defendant.

(4) Several causes of action are improperly joined.

The Court overruled prongs numbered 1 and 2 and sustained 3 and 4.

Fifth, the motion for a rehearing. Now, as stated above, the written portion of the motion was directed solely toward prongs 3 and 4 of the demurrer of the Assignee; but during the oral argument which was granted, the entire matter relative to both demurrers was opened by the actions and arguments of the counsel for all of the parties and by the Court in its desire to do justice in this case. The Court, therefore, grants a reconsideration as to all prongs of the demurrers of both the Assignee and the Assignors.

Prong 1 of the demurrer of the Assignee is based on the ground of failure to state facts constituting a cause of action against him. This objection is probably based upon Section 2309.22 (D), Revised Code: "The facts stated do not constitute a counterclaim."

Granted, a mere assignment of a contract does not operate to cast on an Assignee the liabilities imposed by contract on Assignor, *American National Co.* v. *The Spot Welder Co.*, 30 Ohio App., 156; but where the Assignee agrees to assume the obligations then the debtor may sue him, *American National Co.* v. *The Spot Welder Co., supra,* as a creditor-beneficiary of the Assignee's contract and it is not necessary for the debtor to discharge the Assignor, Volume 4, Corbin on Contracts, 627 No. 906.

As Corbin analyzes it, the difficulties in these cases arise when the Courts and parties fail to differentiate between the assignment of rights and the assignment of duties and obligations. Ordinarily, there is merely a simple assignment of all right, title and interest and no statement relative to obligations or duties. This is best illustrated in the case of *Tel-Hotel Corp.* v. *Lexnott Corp. et al.*, 124 N. Y. S. 2d, 159, 205 Misc., 576. There, there were numerous sales assignments of rights under the sales contracts as well as leases and assignment of the leases. In that case, the Court clearly ruled that unless there was a provision therefor, the Assignee of the rights of a party to a contract does not assume the obligations of that party. In the instant case, the allegations of the counterclaim clearly and unequivocally state that Assignee agreed in writing to perform the obligations of the Assignors.

An additional objection raised is by the Assignee that there was no consideration for the assignment. This is defensive matter, see *American National Co.* v. *The Spot Welder Co., supra*, at page 160.

For the above reasons, the Court overrules prong 1 of the demurrer of the Assignee.

The remaining prongs of the demurrer of the Assignee and all of those of the Assignors directed toward the counterclaim are related either to misjoinder or other defect relating to parties or to improper joinder of causes of action. Nowhere in Section 2309.22, Revised Code, do either of these grounds exist.

In coming to its conclusions in this matter, the Court has first had to determine that the counterclaim is based upon two unnumbered causes of action. The first is directed against the Assignors for a failure to perform contract No. 3, and the second is directed against the Assignee for failure to perform contract No. 4. Thus, the Seller-Debtor is counterclaiming under Section 2309.16, Revised Code, against two different persons on two different contracts. A close and careful analysis of the facts as plead show that these two causes of action do not arise out of the contract or transaction set forth in the petition, nor are they connected with the subject of the actions; but they do arise out of contract and thus meet one of the tests as required by Section 2309.16, Revised Code.

18

Section 2309.06, Revised Code, requires that all causes of action united in a petition must affect all parties, but Section 2309.16, Revised Code, does not so provide. The latter section only provides that the cause of action exists in favor of one or more defendants against one or more plaintiffs or one or more defendants or both. Actually, this portion of the statute was probably intended to relate to a counterclaim arising out of the contract or transaction set forth in the petition or one connected with the subject of the action and not as to counterclaims arising out of separate contracts unrelated to the contract or transaction set forth in the petition. But, that is not the way the statute reads, and this Court must interpret it in the light of the words as are set forth. Therefore, for the purpose of the demurrer herein, the statute is interpreted to read that the contracts counterclaimed upon need not affect all of the parties and that in the instant case, they do not. For these reasons on reconsideration, the Court overrules the remaining prongs of the demurrers of both the Assignees and Assignors.

The only way the objections as to misjoinder raised by the Assignors and Assignee could be reached by objection would be under Section 2309.17, Revised Code. There, when the Court permits new parties to be added as parties defendant, if the Court in its discretion feels that the decision to permit the new parties to be made to answer the counterclaim would complicate the suit unnecessarily, then it may order the counterclaim stricken from the answer and made the subject of a separate action. Although the contracts involved in the instant case do not necessarily arise out of the same transaction, according to the pleading each set did arise contemporaneously; and it would appear to this Court that they are closely related and could best be disposed of in the same case just as were all the controversies and the counterclaims in the *Tel-Hotel Corp. case, supra.*

For the reasons stated above, the Court orders vacated the entries made March 16, 1960, which sustained the demurrers in part and has, this date, journalized a new entry overruling all the demurrers on all grounds and granting to the plaintiffs their exceptions. O. S. J.