[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the March 17, 1998 entry of the Common Pleas Court of Shelby County finding that a settlement between the parties contained an implied provision that Pauline Bey and Robert Bey ("Appellants") agreed to defend and indemnify Don Shaffer dba Shelby County Wholesale Carpet ("Appellee") against any and all claims which may be brought by Third Party Defendant David Shreve, and ordering $4,000.00 settlement proceeds to be released to Appellee.
Appellants entered into a $12,826.85 contract with Appellee for the purchase and installation of floor coverings on property owned by Appellants. Alleging that he had not been totally paid, Appellee filed a mechanics' lien and then a $6,293.85 suit against Appellants who counterclaimed for cancelation of the lien, damages, recission of the contract and return of the partial payment alleging that the work was not performed in a workmanlike manner.
Appellee then filed a third party complaint against independent contractor David Shreve alleging that any problem with the installation was a result of his breach of the agreement regarding installation, breach of warranty and negligent installation.
A pretrial conference was held on November 19, 1997, attended by the parties except for David Shreve. A settlement agreement was reached and an Agreed Journal Entry/Orders on Settlement was prepared and signed by the attending parties and filed with the court. The settlement includes the following provisions:
 1. Defendants will pay Plaintiff $2,800.00 on or before November 28, 1997.
 2. Defendants will be permitted to pursue action against Third Party Defendant David Shreve as to any rights Third Party Plaintiff may have against Shreve as related to installation of carpet and tile at Defendants' residence. Defendants will file a crossclaim against Shreve prior to dismissal of this action. Third Party Plaintiff will dismiss his Complaint against David Shreve and will not pursue judgment related to this action from Mr. Shreve. Third Party Plaintiff agrees to execute documents necessary to enable Defendants to pursue Shreve.
 3. Court costs will be divided equally between Plaintiff and Defendants. Defendants will prepare documents and pay to have the Mechanic's Lien recorded and removed as a lien against Defendants' real property.
 4. Plaintiff's Complaint and all remaining allegations of Defendant's Counterclaim will be dismissed with prejudice.
 5. Plaintiff's insurance provider, Nationwide Mutual Insurance Company, will be released from further liability herein in exchange for a $1,200.00 payment to Plaintiff.
Appellee subsequently prepared a release for signatures by the parties. Appellants refused to sign the release for the reason that the release contained a statement requiring Appellants "to defend and indemnify and defend Shaffer from any claim asserted against Shaffer by David Shreve or any other individual or entity concerning any claim asserted, or which could have been asserted, in the lawsuit" between the parties.
On February 6, 1998, Appellee filed a Motion For Court To Enforce Settlement. Applying the definition of subrogation as set forth in Black's Law Dictionary, the trial court found that the Agreed Journal Entry/Orders On Settlement "contains an implied provision that Bey agreed to defend and indemnify Shaffer against any and all claims which may be brought by Shreve as a result of the instant litigation." Appellants assign as the sole error:
 The Trial Court erred in ruling that an assignment of the right to pursue a Third Party Complaint against a Third Party contains an implied provision that the Assignee must defend and indemnify the Assignor from any claim or action the Third Party may bring against the Assignor.
Though the permission to pursue the action against David Shreve was in the form of the settlement agreement and not specifically designated as an assignment, the trial court treated the matter as an assignment and we agree that an assignment has taken place.
Generally, a mere assignment does not operate to place upon an assignee the liabilities imposed by contract on the assignor.American National Co. v. Thompson Spot Welder Co.(1928), 30 Ohio App. 156,164 N.E. 435; and, in an action between the obligor and the assignee claims on the original contract are available only defensively. If the obligor seeks damages or restitution he must go directly against the assignor. It is only where the assignee specifically agrees to assume the obligations that the debtor may sue him directly.
There are practical reasons for such a rule. It is quite possible that an assignment could be made to an assignee who would have absolutely no knowledge of the subject matter of the original contract and to be placed in the position of having to defend against the assignor's actions or lack thereof would be totally cumbersome and unfair. But where an assignee with eyes open specifically agrees to take on such a duty, he should not be later permitted to deny the obligation that was a part of the consideration of the assignment.
Looking at the language of the settlement agreement signed by the parties, the language of paragraph 2 speaks only of permission to pursue action against Shreve as to any rights the appellee may have against Shreve as related to installation of carpet and tile at the residence and appellee agreed to execute documents "necessary to enable Defendants to pursue Shreve." The words "indemnify" and "subrogation" as used in the trial court's decision are not contained in this agreement. The trial court looks at the cross complaint filed by appellants and the affidavits of counsel for such language. However, the language of the agreement is not ambiguous and therefore does not require looking at other sources such as the affidavit and subsequent pleadings of the parties to determine its meaning and the intent of the parties.
The trial court finds "an implied provision" to indemnify contained in the agreement. However, there is no clear and unequivocal statement that appellants agreed in writing for a consideration to perform obligations of the appellee and no language contained in the settlement agreement itself which would support such an implication. Therefore, the general rule as to assignments requiring a specific assumption of liabilities prevails.
The assignment of error is sustained and the judgment of the trial court is reversed.
Judgment reversed.
SHAW, P.J., and EVANS, J., concur.