## WILLIAM S. SMITH, Sr. *et al.*

*v.*

## AMERICUS CORNELL *et al.*

EVIDENCE—*presumption.* A party purchased of another a lot of mules at a specified price per head. In an action by the vendor against the purchaser for the price of a portion of the mules, the rest having been paid for, the plaintiff declaring on the common counts, to which the general issue was filed, with a notice of set off, the defendant relying upon an agreement that the payment was to be settled with a third person, it was *held*, the plaintiff having proven the sale of the mules to the defendant, it devolved upon the latter to show that the purchase was not in the usual course of business, and that some special contract or agreement was made in reference to the purchase, to rebut the presumption that the money was to be paid to the vendor.

APPEAL from the County Court of Bond county; the Hon. ENRICO GASKINS, Judge, presiding.

Messrs. S. A. & A. C. PHELPS, for the appellants.

Mr. S. P. MOORE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees, in the Bond county court, against appellants, to recover the price of a portion of a lot of mules, which were sold by appellees to appellants on the 2d day of November, 1869. The declaration contained the common counts, and to it the general issue was filed, with a notice of set off. A trial by jury was had, resulting in a verdict in favor of plaintiffs, when a motion for a new trial was entered, but overruled by the court, and judgment rendered upon the verdict, from which an appeal is prosecuted to this court, and various errors are assigned on the record.

The parties were sworn, and their evidence is in conflict as to the ownership of the property sold, and as to the payment of the purchase price. Defendants claim that five of the ten mules purchased belonged to one Jenkins, and that Cornell agreed to sell them, and let the defendants settle

with Jenkins; but this is positively and unequivocally denied by Cornell, who sold the mules to Smith, Jr. There is no dispute that appellants purchased ten mules of appellees at $125 per head; and having proved that fact, it devolved upon appellants to prove that the purchase was not in the usual course of business, and that some special contract or agreement was made in reference to the purchase, to rebut the presumption that the money was to be paid to the vendor. Appellant Smith, Jr., testifies to a special arrangement, but Cornell denies it. Smith says five of the mules belonged to Jenkins. Cornell admits that he had mules belonging to Jenkins, but denies that he agreed to sell them to appellants, and permit them to set off the amount against their claim on Jenkins.

In this conflict of evidence, the jury have given credit to Cornell, and we fail to perceive anything in the record which indicates that they did wrong in so doing. It was their province to weigh the testimony, and give weight to such as they believed to be true, and reject such as they were unable to believe.

We are not prepared to say that they should have given credit to Smith's, rather than Cornell's, evidence. Appellants have failed, by a preponderance of evidence, to establish the special agreement relied upon, and the proof warranted the finding of the jury.

We perceive no force in the objection, that the court admitted improper evidence. The portion objected to may have been remote, but it tended to shed light upon the transaction, and was not, so far as we can see, calculated to either mislead or confuse the jury.

We find no error in the record, and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*