### JONATHAN HULLINGER

*v.*

### EDWIN A. WORRELL.

SHERIFF—*liability, civilly, for escape of prisoner.* Where a sheriff negligently permits one in his custody under an indictment for an assault with a deadly weapon upon B, with intent to inflict a bodily injury, to escape, and go at large, and such person makes a further assault upon A, and threatens to take his life, whereby A is put to expense in having him bound over to keep the peace, A can not maintain an action on the case against the sheriff for the escape, nor for damages from the subsequent acts of the escaped prisoner, as they are not the natural and probable consequence of the escape.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. KILGOUR & MONAHAN, for the appellant.

Per CURIAM: This was an action of trespass on the case, brought by the plaintiff against the defendant, sheriff of the county of Whiteside. The declaration contained two counts.

The first set up that defendant, as such sheriff, having in his lawful custody one Gardner Barker, under an indictment for an assault with a deadly weapon upon the plaintiff, with an intent to do him a great bodily injury, negligently suffered said Barker to escape from his custody, and that afterward Barker, being at large, made a further assault upon plaintiff, and threatened

to take his life, and that plaintiff, for his safety, was compelled to procure Barker to be bound over to keep the peace, about which plaintiff incurred expense and sustained damage, for which he brings his suit.

The second count sets up that defendant, having Barker in his custody as aforementioned, discharged him out of his custody, and incited him to commit an assault upon the plaintiff, for which assault and threats to commit a further one, plaintiff was compelled to make complaint and have Barker bound over to keep the peace, by means whereof plaintiff suffered loss in a large sum of money. The court below sustained a demurrer to the declaration, and the plaintiff appealed.

Neither count of the declaration shows any cause of action in the plaintiff. He was not a party to the criminal proceeding under which Barker was held in custody, and permitting the escape from such custody was no legal injury to the plaintiff. The subsequent assault by Barker upon plaintiff, and the procuring him to be bound over to keep the peace, were not the natural and probable consequences of permitting him to escape from custody; nor was such escape from custody the proximate cause thereof. See *City of Rockford* v. *Tripp, post*, p. 247. If a charge of trespass by the defendant may be made out of the second count, this form of action would not lie therefor, the suit having been commenced in 1871, and judgment rendered in 1872, before the passage of the act of 1874 abolishing the distinction between the actions of trespass and trespass on the case.

The judgment is affirmed.

*Judgment affirmed.*