George C. Koltz and Louise Koltz, Appellees, v. Harold Jahaaske and Lawrence J. Reher (Lawrence J. Reher, Appellant).

Gen. No. 9,718.

624

October term, 1941.                    Heard in this court at the
1942.                                  Opinion filed January 14,

Charles H. Borden, of Chicago, for appellant.

Rathje & Woodward, of Wheaton, and Frank R. Sejnost, of Berwyn, for appellees; John S. Woodward, of Wheaton, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

Mr. and Mrs. Koltz (appellees) were riding in their automobile, then being driven by Mr. Koltz. A collision occurred between their car and that of defendant, Harold Jahaaske, then being operated by said defendant. Suit was brought by appellees against Jahaaske and Lawrence J. Reher to recover for personal injuries sustained. It was alleged that defendant Reher was engaged in the business of selling intoxicating liquors; that he procured the intoxication of the defendant Jahaaske; and that in consequence of such intoxication, the collision occurred with the resulting damages to appellees.

The defendants were sued as joint tort-feasors. The jury returned four verdicts of guilty. One verdict was returned in favor of appellee, Louise Koltz, and against defendant Jahaaske for $15,000; one verdict was returned in favor of appellee, George C. Koltz, and against defendant Jahaaske for $4,000; one verdict was returned in favor of appellee, Louise Koltz, and against defendant Reher for $500; and one verdict was returned in favor of appellee, George C. Koltz, and against defendant Reher for $500. The above verdicts were received on February 21, 1941. Two months after the return of such verdicts, and the discharge of the jury, and on April 24, 1941, appellees each entered a remittitur upon their verdict against defendant Reher in the sum of $500, and filed their motion that the court amend such verdicts to read $15,000, for appellee, Louise Koltz, and $4,000, for appellee, George Koltz. Upon such motion, the court so amended the verdicts, over the objections of defendant Reher, and rendered judgments accordingly. It is from this action of the court that Reher (appellant) has prosecuted this appeal. The defendant Jahaaske, brings no appeal.

We have here for consideration a case where a jury has returned several guilty verdicts against defendants who were sued as joint tort-feasors, and by such ver-

dicts assessing several damages. This is not a common situation. However, the point was before the Supreme Court of this State in the case of *St. Louis, A. & T. H. R. Co. v. South,* 43 Ill. 176, 182, 92 Am. Dec. 103. The question where several damages are given by a jury against joint tort-feasors is also considered in the case of *Nashville Ry. & Light Co. v. Trawick,* 118 Tenn. 273, 121 Am. St. Rep. 996, where with reference to such question, it is stated on page 1000, ''The great weight of authority, holds that the plaintiff may select which one of the defendants he will take judgment against, and may enter a nolle prosequi as to the others, and have his judgment against this one in the amount the jury awarded against him, and this cures the irregularity in the verdict awarding several damages.'' A collection of authorities and cases cited therein appear in support of this rule, including the case of *St. Louis, A. & T. H. R. Co. v. South, supra.* To the same effect are the cases of *Holley v. Mix,* 3 Wend. (N. Y.) 350, 20 Am. Dec. 702, 705 (cited with approval in *Yeazel v. Alexander,* 58 Ill. 254, 264) ; and *Warren v. Westrup,* 44 Minn. 237, 20 Am. St. Rep. 578. Most of the foregoing cases cite 1 Tidd's Practice, 682. The text writer there states : ''So, in trespass against several defendants, where the jury by mistake have assessed several damages, the plaintiff may cure it by entering a nolle prosequi as to one of the defendants and taking judgment against the other.'' The above rule is based upon the doctrine that a tort action is several as well as joint, and since the plaintiff might originally have commenced his action against only one, so, after verdict, he may elect to take his damages against either of them; and where several damages are given, the plaintiff may cure the irregularity by entering a nolle prosequi against all except such as he wishes to take judgment against.

Appellees urge that since the jury found each defendant guilty of negligence, the trial court in amend-

ing the verdicts against appellant by raising the damages fixed therein by the jury from $500 to $4,000, in the one instance, and from $500 to $15,000, in the other, did not thereby materially change such verdicts. The court is unable to bring itself to this conclusion. The verdict is the basis for the judgment to be rendered thereon, and a court cannot render judgment in an action for unliquidated damages, for a greater amount than it is authorized to do by the verdict. The rule that a trial court is powerless to reduce the damages fixed by a jury in its verdict in an action for unliquidated damages, and render judgment for a less amount, unless the party in whose favor the verdict was rendered consents to such reduction, is so generally recognized that it may be said to be of universal application. Likewise, a trial court is without power to arbitrarily increase the verdict of a jury in a tort action which is based upon unliquidated damages, without the consent of the party to be unfavorably affected by such increase. The reason for the above rule is that such action on the part of the court in arbitrarily reducing or increasing the damages fixed by the jury in its verdict without the consent of the party unfavorably affected by such increase or decrease, would be violative of the constitutional guaranty of trial by jury. *American Ry. Express Co. v. Bender,* 20 Ohio App. 436, 152 N. E. 197; *Dimick v. Schiedt,* 293 U. S. 474, 79 L. Ed. 603; *Gaither v. Wilmer,* 71 Md. 361, 17 Am. St. Rep. 542; *Fidelity Storage Co. v. Kingsbury,* 79 F. (2d) 705; *Rafferty v. Public Service Interstate Transp. Co.,* 13 N. J. Misc. 80, 117 Atl. 357.

There is no line of separation between the liability of joint tort-feasors. Each is liable for the whole, and the injured party may pursue jointly one or more, at his election, and after verdict may dismiss as to all but one defendant, taking judgment against him alone. *Nordhaus v. Vandalia R. Co.,* 242 Ill. 166, 174. The release of one or the satisfaction of a judgment against

one, releases all, because a plaintiff can have but one satisfaction for his injury. When a suit is against several joint wrongdoers, the degree of culpability cannot be compared. In an action against joint tort-feasors, the judgment must be for a single sum against all the parties found responsible with respect to each plaintiff, and the jury in such an action cannot apportion the damages in an attempt to sever same as to the several defendants. Cooley on Torts (Joint Wrongs, pp. 135, 136); *Yeazel v. Alexander, supra,* p. 264; *Jones v. Stiffler,* 137 Pa. Super. Ct. 455, 8 A. (2d) 455; *Village of Carterville v. Cook,* 129 Ill. 152, 155, 156; *Consolidated Ice Machine Co. v. Keifer,* 134 Ill. 481, 491 *et seq.*

Since plaintiffs below have entered a remittitur upon their verdicts against appellant for the full amount of damages as fixed therein, nothing remains undisposed of with respect to appellant's liability thereon, except such as involved in this appeal. Therefore, there is no occasion to remand the cause.

For the foregoing reasons, the judgments as rendered by the court upon the verdicts against appellant are reversed.

*Judgments reversed.*