Stella Gaffner and George Gaffner, Appellants, v. Ed Meier, Trading as Excel Bottling Company and Larue B. Timmerman, Appellees.

Term No. 48F11.

Opinion filed April 27, 1948. Rehearing opinion filed November 18, 1948. Rehearing denied December 22, 1948. Released for publication December 23, 1948.

MEYER & MEYER, of Greenville, for appellants.

WHAM & WHAM, of Centralia, and GLEN B. WILSON, of Greenville, for appellees.

ON REHEARING.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Bond county, in favor of appellees, Ed Meier, doing business under the firm name and style of Excel Bottling Company, and Larue B. Timmerman (hereinafter called defendants), and as against Stella Gaffner and George Gaffner, appellants (hereinafter called plaintiffs). The judgment was based on the verdict of the jury finding defendants not guilty and was entered in favor of defendants and as against plaintiffs for costs in the case. One of the plaintiffs, George Gaffner, in the amended complaint filed in the cause, asserted no affirmative claim, but remained in the cause as a plaintiff and costs were taxed as against him as well as the other plaintiff. Complaint was made that costs should not be taxed as against such plaintiff.

The evidence in the cause on the trial indicated that the truck driven by the employee of the defendant, was proceeding along a State highway near a certain intersection, where he presumably intended to turn right. The truck approached the intersection at a speed of 15 to 20 miles an hour, until the truck driver was within 75 yards of the intersection. The evidence showed that he then extended his arm as a warning to anyone approaching from the rear, reduced his speed, and angled across the highway to the left. There was evidence that because of the size of the truck and the physical surroundings it was necessary that the truck be angled to the left to make the turn from the State highway into the intersection entrance at the filling station. The evidence disclosed that when the truck had reached the west line of the intersection it was traveling in low gear at not to exceed five miles per hour, and that the left wheels were

completely off the concrete slab and onto the shoulder. The truck then turned slowly to the right, at a speed of not to exceed five miles per hour. When the front bumper of the truck had crossed the center line and was from 6 to 12 inches across it, the plaintiff, Stella Gaffner, in driving her automobile in an easterly direction along the highway at a speed of about 15 to 20 miles per hour, ran into the right end of the bumper. The evidence showed that the truck was brought to a stop within a distance of not to exceed one foot. The only contradictory evidence as to such facts was the testimony of the plaintiff, who asserted that the truck was traveling at about 15 to 20 miles per hour when it turned abruptly from the other side of the highway into the side of her automobile. She also testified that in approaching the intersection at from 15 to 20 miles per hour she did not vary her course or reduce her speed prior to the collision, and that she did not see any signal by the driver that he intended to make a right turn, but assumed he intended to make a left turn, or come to a stop on the other side of the road.

During the course of the trial, attorneys for defendants interrogated plaintiff Stella Gaffner, as follows, "At the time of the deposition in May, I believe I asked you if you were willing to be examined by a doctor selected by us, or the defendant here, so that we could get his opinion on your condition?" to which plaintiff replied, "You asked me, but I did not answer." She was then asked, "Why?" She answered, "At the time my lawyer told me not to." She was then asked, "Then you never did consent to be examined by someone else?" To this question, for the first time in such line of interrogation, counsel for plaintiff made objection. The court below sustained the objection and at the request of plaintiffs' counsel, the court specifically directed the jury to "disregard the question." No other relief was requested by plaintiffs' counsel at the time and during the trial.

As indicated previously, the jury returned a verdict of not guilty.

On appeal in this court, the plaintiffs request a reversal upon three basic grounds, (a) That the verdict is contrary to the manifest weight of the evidence; (b) That the questioning of plaintiff by defendants' counsel as set forth in the opinion, relative to her refusal to submit to a physical examination was grounds for a reversal; and (c) That there were errors in the giving of the instructions which constitute reversible error.

As to the first of the contentions made by plaintiffs, it is not necessary that we pass on this issue in view of the fact that this cause is being reversed and remanded for a new trial because of error in the instructions.

██ We have, however, set forth specifically the questions and answers which were elicited in the court below and upon the basis of which it is now contended that this court should reverse and remand the case under consideration for retrial by reason of the conduct of counsel for defendants in asking questions with respect to the refusal of plaintiff to submit to a physical examination. While it is true that such questions were improper and subject to objection, it is noted specifically that the plaintiffs' counsel did not object until after the interrogation had proceeded to the point of stating specifically that plaintiff had refused to submit to an examination, and that then the only request which was made was that the jury disregard the question. The court below gave the plaintiff, acting through her counsel, all the relief she requested. If the attorney for plaintiffs had requested a mistrial and that a juror be withdrawn and the cause continued, the court below would have been justified in granting such motion. Under the circumstances, however, since plaintiffs were willing to permit the cause to proceed on the basis of having the court rule the question as improper, and upon the basis of having the jury instructed to disregard it, plaintiffs cannot

now complain and request a reversal upon the ground that such matters had come to the attention of the jury. If the party in a cause believes that something has occurred in the trial which is prejudicial, he should immediately call it to the attention of the court and move for a mistrial and cannot be heard later to complain. As indicated in the case of *Morrow v. United States,* 101 F. (2d) 654, at page 658 (certiorari denied 307 U. S. 628, 83 L. Ed. 1511, 59 Sup. Ct. 836), ''to grant the motion would in effect permit the plaintiff to gamble on the effect of defendant counsel's conduct on the jury. . . . If he believes that a prejudice exists, due to an improper question or remark, which will prevent a fair trial, the party who is prejudiced should ask for a new trial then and there. It is neither fair nor just that he first take a chance on a favorable verdict and, if disappointed, then complain.'' The same principle of law has been followed by the reviewing courts of this State in many decisions (*Forest Preserve Dist. of Cook County v. Chicago Title & Trust Co.,* 351 Ill. 48, 56; *City of Chicago v. Leseth,* 142 Ill. 642, 643). It is obvious, therefore, that plaintiffs could not at this time request any more relief than was requested during the course of the trial, and since plaintiffs obtained all the relief which was requested of the trial court, there was no omission or denial which could become the basis of a reversal on such grounds at this time.

It is contended in this court by plaintiffs that many errors were made in the giving of instructions to the jury. The court below gave fifteen instructions, which were all offered by the defendants. Defendants' given instruction number nine was as follows, ''The jury are instructed that while the law permits a plaintiff to testify in his or her own behalf, nevertheless the jury have a right, in weighing his or her evidence and determining how much weight is to be given to it, to take into consideration the fact that said party is a

plaintiff, and his or her interest in the result of the suit.'' This instruction should not have been given as this suit is one between natural persons and it was error to single out the plaintiff and direct the attention of the jury to her interest in the result of the suit (*Engstrom v. Olson,* 248 Ill. App. 480).

Eight of the given instructions were peremptory in form, repetitious and incomplete, and did not state the law correctly and completely when read separately. Therefore, we are compelled to reverse and remand this cause for a new trial (*Hanson v. Trust Co. of Chicago,* 380 Ill. 194).

*Reversed and remanded.*

BARDENS and SCHEINEMAN, JJ., concur.