Irene B. Michels, Administrator of Estate of William A. Michels, Deceased, Plaintiff-Appellee, v. Alvin Bezley and Dominic Rivara, Defendants-Appellants.

Gen. No. 10,990.

Second District.

January 25, 1957.

Released for publication February 12, 1957.

Phelphs & Blodgett, of Princeton, for appellant.

L. D. Spaulding, Jr., of Princeton, for appellee.

JUSTICE CROW delivered the opinion of the court.

This is an appeal in an allegedly wrongful death suit by one defendant, Alvin Bezley, from a judgment of November 28, 1955 for the plaintiff entered against him in the sum of $5,000. A separate judgment of the same date for the plaintiff was also entered against the other defendant, Dominic Rivara, for $6,000. Although a notice of separate appeal by co-party was filed by the defendant Rivara, he evidently took no further steps to follow up such separate appeal. In the briefs of both the present defendant-appellant Bezley and the plaintiff-appellee they say the defendant Rivara did not perfect an appeal. So, for the present purpose, we shall proceed on the assumption the defendant Rivara did not perfect an appeal, or has abandoned the same, and that the separate judgment entered against that defendant is not before us for consideration.

The plaintiff, administrator of the estate of William A. Michels, deceased, filed a complaint against both defendants, consisting of two counts, both defendants being defendants in both counts. The suit arises out of the alleged death of the plaintiff's intestate in an intersection automobile collision March 13, 1954 in Spring Valley between an automobile allegedly owned and operated by the defendant Rivara in which the deceased was allegedly a passenger, and another auto-

mobile allegedly owned and operated by the defendant Bezley. Count I alleged that the defendant Rivara was guilty of wilful and wanton acts and that the defendant Bezley was guilty of one or more negligent acts and omissions. Count II charged the defendant Rivara with negligent acts and omissions, and charged the defendant Bezley with wilful and wanton acts. In each count the plaintiff demanded judgment against the defendants for the sum of $20,000. During the progress of the trial, on the plaintiff's motion, count II was dismissed. The jury (motions of the defendants, so far as material, for directed verdicts being denied) returned its verdicts as follows:

"We, the jury, find the defendant Alvin Bezley guilty and assess damages for the plaintiff in the sum of $5000."

"We, the jury, find the defendant Dominic Rivara guilty and assess damages for the plaintiff in the amount of $6,000."

The court entered separate judgments, as above, against each defendant on the separate verdicts. Motions of the defendant Bezley (and, we gather, also of the defendant Rivara) for new trial and judgment notwithstanding the verdict were denied. Among the grounds stated in the defendant Bezley's motion for new trial are these: the verdict is contrary to law, and the verdict is erroneous and void because the jury attempted to apportion damages between the two defendants. The defendant appellant's notice of appeal asks the judgment against him be reversed, or reversed and remanded for a new trial.

The theory of the defendant Bezley, the only appellant, is that the plaintiff failed to prove the essential elements of her case, that the separate verdicts and judgments were improper and void, under the circumstances, and that there was reversible error during the trial.

It is clear from the nature of the complaint that the plaintiff elected to sue the defendants jointly under each count, and the plaintiff, therefore, has treated their liability as joint. For example, in paragraphs 7 and 10 of count I, it was alleged, respectively: "Defendant Rivara wilfully and wantonly drove his automobile and defendant Bezley negligently drove his automobile so that as a direct and proximate result thereof their automobiles collided and William Michels was injured causing his death," and "as a direct result of the wilful and wanton conduct of defendant Rivara and as a direct result of negligence of defendant Bezley, plaintiff's intestate sustained injuries of which he died on March 13, 1954." In her brief here, in fact, the plaintiff-appellee concedes that the defendants are (allegedly) joint tort feasors.

 Under the common law rule, which has not been affected by Section 50 of the Civil Practice Act, the jury may not, by separate verdicts against two or more joint defendants each of whom is found liable, apportion damages between joint tort feasors and assess them severally: Stoewsand v. Checker Taxi Co. (1947) 331 Ill. App. 192. It is true that under Section 50 of the Civil Practice Act (Ch. 110, Ill. Rev. Stats., 1953, par. 174) more than one judgment may be rendered in the same cause, but only, of course, where it is otherwise proper under the substantive law to do so. That section also provides that judgment may be entered in such form as may be required by the nature of the case. Substantive law is not affected by the Civil Practice Act. In Stoewsand v. Checker Taxi Co. there were two joint tort feasor defendants, the jury returned two separate verdicts of guilty, one against each defendant, fixing damages in each, two separate judgments were entered thereon, one defendant did not appeal, the other did, and the Appellate Court reversed and remanded for a new trial the judgment

459

against that defendant-appellant. The case is almost identical to the case at bar. See also: Pardridge v. Brady (1880) 7 Ill. App. 639; Yeazel v. Alexander (1871) 58 Ill. 254; Consolidated Ice Machine Co. v. Keifer (1890) 134 Ill. 481; St. Louis, Alton & Terre Haute R. R. Co. v. South (1867) 43 Ill. 176; Koltz v. Jahaaske (1942) 312 Ill. App. 623. In Aldridge v. Fox (1952) 348 Ill. App. 96, although the defendants were not sued as joint tort feasors, and although there was involved an entirely different problem of separate judgments in varying amounts against a defendant employer and a defendant employee of that employer, the Court observed that it has long been the law in this State that a jury may not apportion damages among joint tort feasors, and that Section 50 of the Civil Practice Act does not change the substantive law.

The only case we've been referred to even containing any language to the contrary is Shaw v. Courtney (1943) 317 Ill. App. 422, affirmed 385 Ill. 559. That was a suit against several joint tort feasor defendants. Several separate verdicts of guilty were returned against such of the defendants as the jury found against, each assessing different respective amounts against particular defendants. Several separate judgments were entered thereon against the respective defendants. The Appellate Court reversed and remanded the judgments for a new trial because of erroneous instructions and because they were against the manifest weight of the evidence. But in the course of the opinion the Appellate Court observed that, although the plaintiff conceded that prior to the Civil Practice Act it was not permissible for the jury to apportion damages among joint tort feasors, Section 50 thereof now permits more than one judgment to be rendered in the same cause and under that the court did not abuse its discretion in entering the several judgments on the several verdicts. The Supreme Court

affirmed the order of reversal and remandment of the Appellate Court because, under the circumstances, there was no question that could be considered by the Supreme Court on the appeal to it. The Supreme Court did not pass on the Appellate Court's comment as to the separate verdicts of guilty and separate judgments, but expressly stated: "This opinion should not be considered as giving sanction to, or disapproval of, any of the questions of law considered by the Appellate Court, . . . ." The foregoing indicated comment of the Appellate Court was, under the circumstances, dicta, and was not necessary to its decision, which was simply that the judgments had to be reversed and remanded, for other reasons. Its actual decision was in conformity with the conclusion indicated by the principles we've previously stated. No Illinois cases were cited in support of its observation. The case was in the Appellate Court for the First District. Stoewsand v. Checker Taxi Co., supra, and Aldridge v. Fox, supra, later cases in the same court, have not followed that observation of Shaw v. Courtney.

■ Under the complaint here and the allegations thereof indicating a joint liability, and the admitted circumstances that these defendants are (allegedly) joint tort feasors, the judgment and verdict, if for the plaintiff, must be for a single sum against all or such of the defendants who are found responsible. There is no line of separation between the liability of joint tort feasors. Each is liable for the whole. There can be but one assessment and it must be for the same amount against all who are found guilty. The damages cannot in such a case be severally assessed. The degree of culpability cannot be compared as between two defendants both of whom are found liable as joint tort feasors. The jury, under the circumstances here, cannot apportion the damages between the defendants found liable by separate verdicts of guilty, fixing the

461

damages in each at particular amounts, in an attempt to sever and apportion the damages as to the two joint tort feasor defendants.

In her brief here the plaintiff-appellee concedes that the separate verdicts and separate judgments here returned and entered are erroneous, but says that she may be permitted an election as to which of the judgments she shall satisfy (and which she shall retain), and in her brief requests that, if all other matters raised here by the defendant-appellant were resolved in the plaintiff's favor, the judgment for $6,000 against the defendant Rivara be reversed and the judgment for $5,000 against the defendant-appellant Bezley be affirmed. The plaintiff cites for that: Stoewsand v. Checker Taxi Co., supra, Shaw v. Courtney, supra, and Aldridge v. Fox, supra, principally relying on Aldridge v. Fox. The cases of Stoewsand v. Checker Taxi Co. and Shaw v. Courtney, to both of which we've previously referred, do not sustain the plaintiff's views in this respect, do not so hold, and do not discuss that contention. In Aldridge v. Fox, the defendants were not sued as joint tort feasors, and there was involved an entirely different problem, not at all here concerned, of separate judgments for $300 against the defendant employee and $2,500 against the defendant employer of that employee in a suit for false imprisonment, the defendant employee having done the false imprisoning, and the defendant employer being liable, if at all, only under the doctrine of respondeat superior. The court held that, under those circumstances, the plaintiff may be permitted an election as to which judgment he shall satisfy, and reversed and remanded the judgments with directions to enter a judgment on whichever verdict the plaintiff elected within a certain time, following which the plaintiff elected in the Appellate Court to have the $2,500 judgment against the defendant employer and hence that

judgment was affirmed and the $300 judgment against the defendant employee was reversed. That is not the case at bar. It may also be observed, for such significance as it has, that in the Aldridge case both defendants had appealed from both judgments, whereas here we are proceeding, under the circumstances, on the assumption that the defendant Rivara did not perfect an appeal, or has abandoned the same, and that the separate judgment entered against that defendant is not before us for any consideration. We have been referred to no Illinois authority pursuant to which a plaintiff in the position of this plaintiff may (assuming his judgments were otherwise to stand) be permitted, after the judgments are entered and after the 30 day period following their entry has passed, an election either here, or in the trial court, as to which of the judgments she shall satisfy (and which she shall retain).

It is not necessary to pass on other errors assigned, for it is our opinion that the separate verdict and judgment as against the defendant-appellant Bezley are erroneous, cannot stand, and must be reversed and remanded for a new trial.

Judgment reversed, and cause remanded, for new trial.

DOVE, P. J. and EOVALDI, J., concur.