418 F.2d 96
 Earl D. JOHNSON, Plaintiff-Appellee,
v.
GALLATIN COUNTY, ILLINOIS, a municipal corporation, and Herman Watters, Deputy Sheriff of Gallatin County, Illinois, Defendants-Appellants.
Earl D. JOHNSON, Plaintiff and Cross-Appellant,
v.
Vernon Eugene HISE, Defendant and Cross-Appellee, and
Gallatin County, Illinois, a municipal corporation, and Herman Watters, Deputy Sheriff of Gallatin County, Illinois, Defendants and Cross-Appellees.
 No. 17575.
 No. 17576.
 United States Court of Appeals Seventh Circuit.
 November 4, 1969.
 
 Maurice E. Gosnell, Gosnell, Benecki & Quindry, Lawrenceville, Ill., for Earl D. Johnson.
 Everett L. Laury, Hutton, Hegeler, Buchanan & Laury, Danville, Ill., for Gallatin County, Illinois and Herman Watters.
 Before KILEY, SWYGERT and CUMMINGS, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 This is a personal injury action based on diversity jurisdiction. The district court directed a verdict against plaintiff Johnson, an Indiana resident, and in favor of defendants Shawneetown, Illinois and its police chief Paul Wood. It also directed a verdict against Gallatin County, Illinois and its deputy sheriff Herman Watters upon their counterclaim against plaintiff. The jury returned verdicts for plaintiff against defendants Gallatin County and Watters for $22,500 and against defendant Hise for $25,000; and for Watters on his cross-claim against Hise for $15,000. The court entered judgments on the verdicts. Watters and Gallatin County have appealed from the judgment entered against them, and plaintiff Johnson has cross-appealed from the denial of his post-trial motion that judgment be entered on the verdicts in favor of him against all three defendants in the sum of $47,500. We affirm.
 
 
 2
 Hise was in Watters' custody in the courthouse in Shawneetown. He managed to seize a gun, and took Watters and Wood hostages. They drove to an airport at Lawrenceville, Illinois, where Johnson was in charge. In a corridor of the airport building, a scuffle ensued in which Hise shot both Watters and Johnson. This suit followed. Plaintiff sued Gallatin County and Watters, Shawneetown and Wood, charging negligence in handling Hise while in their custody. He also sued Hise. Gallatin County and Watters filed claims against plaintiff and Hise, charging negligence on the part of each.
 
 
 3
 Plaintiff's burden was to prove — against Hise, Shawneetown and Wood, and Gallatin County and Watters — his own due care, and their negligence proximately causing the injury he incurred from the shot fired by Hise. The district court decided that Wood and, ipso facto, Shawneetown, were not guilty of negligence as a matter of law. There can be no question on this record that that decision was correct. It is also clear to us that Watters was not entitled to an instruction that, because the court had directed Wood out of the case, Watters, had no duty to resist Hise while being held hostage.
 
 
 4
 Watters contends that he was not negligent as a matter of law and that the court erred in submitting this issue to the jury; further, even if he could be found guilty of negligence, that negligence was not, as a matter of law, the proximate cause of Johnson's injury. We see no merit in either contention.
 
 
 5
 Illinois law governs this decision. Watters relies upon Hullinger v. Worrell, 83 Ill. 220 (1876). The court there held that the plaintiff, who had been re-assaulted by an escaped prisoner previously jailed for the original assault, could not recover against the sheriff whose negligence permitted the prisoner to escape. That decision is an anachronism in Illinois law today. Since it was written it has never been authoritatively cited for its holding on the tort liability issue, has been referred to only once in a general discussion of varying rules with respect to liability of police for negligence, and has been cited twice for a procedural point not relevant here.
 
 
 6
 We think the Illinois Supreme Court, if confronted with the question of the viability of the Hullinger case, would hold that the development of statutory[1] and case law in Illinois has rendered Hullinger obsolete. See Mayer v. Petzelt, 311 F.2d 601, 602 (7th Cir. 1962), cert. denied, 373 U.S. 936, 83 S.Ct. 1538, 10 L.Ed.2d 692 (1963). Where a policeman has a duty to exercise reasonable care, he is liable for injuries proximately caused by the neglect of that duty. Gardner v. Village of Chicago Ridge, 71 Ill.App.2d 373, 219 N.E.2d 147 (1966); Mayer v. Petzelt, 311 F.2d at 603. The same general rules of negligence law which apply to others are equally applicable to police. Gaca v. Chicago, 411 Ill. 146, 155, 103 N.E.2d 617, 623 (1952). Under Illinois law today a policeman, under proper circumstances, can be held liable for negligence committed in performance of his duty which proximately causes injury to a third person. On the facts of this case, the jury could properly have found Watters negligent in the way he handled the lockup of Hise or the manner in which he conducted himself after allowing himself to be kidnapped.
 
 
 7
 The question of whether Watters' negligent conduct was the proximate cause of Johnson's injury is answered by application of the foreseeability rule. The evidence favorable to Johnson shows that the sheriff of Gallatin County ordered Watters, who knew suspect Hise from school, to question Hise about some stolen guns. At Watters' request, Hise entered the county courthouse and before questioning, with permission from Watters, Hise was allowed to use the washroom unaccompanied. After Hise was questioned, Watters was ordered to detain him. Hise was searched and no weapons were found, but Watters was ordered to lock Hise up. Seventy-five feet from the lockup location, Watters permitted Hise to visit the downstairs washroom a second time. Watters followed him down the stairs. Hise seized a pistol he had apparently previously hidden, took Watters, and Wood who happened on to the scene, as hostages, forced them into the front seat of a police car, and sat in the rear seat with his own and Watters' loaded pistols, while Watters drove. During the time in the car, Watters made no effort to use the secret radio emergency code number to alert the sheriff of the pending emergency, even though he was urged by Hise to answer the radio.
 
 
 8
 They went to an airport near Evansville, Indiana, where Hise unsuccessfully sought to charter a plane. They then drove to an airport in Lawrenceville, Illinois, where plaintiff Johnson was the sole attendant on duty. Watters asked Johnson whether Hise could get a plane for Chicago. Under orders from Hise, Johnson called a pilot into the airport building. Hise then forced Johnson, Watters, Wood and the pilot to walk toward a room where he was going to lock up the officers and Johnson, at which time Johnson threw a can of paint thinner into Hise's face, jumped on him and knocked him to the floor. Watters joined in the scuffle. Hise shot at Johnson and hit Watters; he fired again, hitting plaintiff. Hise then fled but was soon arrested.
 
 
 9
 We think the jury could well have inferred from this evidence that Watters should have foreseen that if he permitted Hise to leave his presence in the courthouse, the latter might attempt an escape, taking the deputy hostage and, in making his eventual getaway, could injure a third person. We think that the question of proximate cause was properly for the jury.
 
 
 10
 We find inapposite the decision in West Virginia v. Fidelity & Casualty Co., 263 F.Supp. 88 (S.D.W.Va.1967), relied on by appellant. There a convict escaped because of the sheriff's negligence; the next day the escapee stole a car and, while being pursued by another officer, collided with plaintiff's car, causing injury. The court held on those facts as a matter of law that the events occurring the day after the escape were not the natural and probable consequence of the negligence of the sheriff. Here Deputy Watters was with Hise from the time of escape to the time of plaintiff's injury.
 
 
 11
 Gallatin County suggests that even though Deputy Watters may have been negligent, the County should not be held responsible for his negligent conduct. We hold that Illinois law is clear that a municipality is liable for negligent personal injuries proximately caused by its officers. Gardner v. Village of Chicago Ridge, 71 Ill.App.2d 373, 219 N.E. 2d 147 (1966).
 
 
 12
 The defendants, Watters and Gallatin County, also take exception to the district court's directed verdict in favor of the plaintiff on defendant's counterclaim. We do not think the court erred in taking from the jury the question of Johnson's negligence as to Watters. The court reasoned that Watters effectually brought about the emergency at the airport from which the plaintiff sought, by throwing the paint thinner, to protect and extricate himself, and perhaps the others. We agree with this reasoning and conclude that as a matter of law the plaintiff was not negligent in taking this action in the emergency which faced him and which could have reasonably led him to believe he and the others were being forced into danger of their lives.
 
 
 13
 The final issue on appeal as to the liability aspect of this case concerns the admission of testimony of State Trooper Groves, a witness for the plaintiff. Defendant Hise testified that it was his own idea to seek to charter an airplane for an escape. Plaintiff then called Groves who testified that Hise had told him, while Hise was in the penitentiary, that it was, in fact, Deputy Watters who had initially suggested the idea of getting an airplane to get to Chicago. Watters contends that no proper foundation was laid for this testimony. However, plaintiff's attempt to lay a foundation for impeaching Hise was circumvented by the district court's erroneous sustaining of Watters' objection. We see no reason to preclude the benefit of rebuttal testimony solely for the failure to lay the proper foundation, when such failure was due to the erroneous ruling of the court below. We also believe that the jury was made sufficiently aware that this testimony was to apply only to the impeachment of Hise's credibility.
 
 
 14
 A perplexing question, involving the complex party lineup, arose at the trial with respect to the verdicts. The court gave eight forms of verdict to the jury pertaining to the various issues raised by Johnson's complaint and Watters' cross-claim against Hise. The jury returned a verdict in favor of plaintiff against Hise for $25,000, against Watters and Gallatin County for $22,500, and in favor of Watters against Hise on the cross-claim for $15,000. No request was made for a polling of the jury.
 
 
 15
 Watters and Gallatin County contend that the verdicts were an improper attempt to apportion damages against joint tortfeasors, rendering the verdicts void and requiring a new trial. The argument rests upon authority of Michels v. Bezley, 12 Ill.App.2d 456, 140 N.E.2d 134 (1957), which held that a jury may not apportion damages against two or more joint tortfeasors, each found to be liable, by returning separate verdicts. We shall assume but not decide that Bezley would apply to vitiate the verdicts for Johnson against Hise and Watters and Gallatin County as joint tortfeasors, under the situation before us. On the basis of the post-trial motion, however, the Bezley decision does not preclude our entering judgment here on the verdict against Watters and Gallatin County.
 
 
 16
 After verdicts were returned and before judgment was entered, plaintiff moved for entry of a nolle prosequi as to Hise and to "affirm * * * judgment" against Watters and Gallatin County. The district court granted the motion. We think this action and the judgment entered were proper, Chmielewski v. Marich, 2 Ill.2d 568, 119 N.E.2d 247, 249, 42 A.L.R.2d 1023 (1954); Koltz v. Jahaaske, 312 Ill.App. 623, 38 N.E.2d 973 (1942), and removed the basis for any claim of impropriety between verdicts for plaintiff and against the joint tortfeasor defendants.
 
 
 17
 Watters also contends that the rendered verdicts are "clearly inconsistent." We see no inconsistency in the verdicts for Johnson against Watters and Gallatin County and for Watters against Hise. Watters could very well have been negligent as to Johnson and in the exercise of due care as to Hise. We hold there was no inconsistency in the verdicts which required a new trial.
 
 CROSS-APPEAL
 
 18
 On his cross-appeal, plaintiff contends that the district court erred in not sustaining his post-trial motion for judgment of $47,500, being the total of the verdicts against all the defendants. There is nothing here to show that the verdict was patently erroneous, and that the jury intended to award a sum total of $47,500 damages in plaintiff's favor against all defendants. We are unable to imply that intention on this record. Plaintiff does not argue that the award of $22,500, entered on his motion, is not within range of the evidence. We cannot say that the district court denied substantial justice to the plaintiff.
 
 
 19
 For the reasons given, the judgment in plaintiff's favor for $22,500 is affirmed.
 
 
 
 Notes:
 
 
 [1]
 See Ill.Rev.Stat. Ch. 24, §§ 1-4-5, 1-1-6 (1967)