STEVEN RAY ALLEN, a Minor, by Levi Allen, His Father and Next Friend, Plaintiff-Appellee, *v.* VERNARD DORRIS, Defendant-Appellant—(JACK ALLEN, Defendant-Appellee.)

(No. 72-293;

Fifth District—February 1, 1974.

Robert S. Hill, of Benton, for appellant.

Leonard J. Dunn and Sam C. Mitchell, both of West Frankfort, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff Steven Allen by his father and next friend brought action to recover damages for injuries received in an automobile accident. The case went to the jury on two counts, count I charging Vernard Dorris with negligence and count III jointly and severally charging Dorris with

negligence and Jack Allen, older brother of plaintiff and driver of the car in which plaintiff was a passenger at the time of the accident, with wilful and wanton conduct. The jury returned a verdict of $30,000 on count III but was told by the trial judge, in substance, that their work was not complete because they did not find a verdict on count I. The jury again returned and gave a verdict form to the judge who told them that "I still cannot receive this. You have to put an amount on it." The jury again retired and brought in a verdict finding Dorris liable under count I and assessing damages at $1,000. Judgment was entered on both verdicts. Plaintiff's timely motion to dismiss count I and the verdict based thereon was granted.

The evidence most favorable to the plaintiff revealed that defendant Jack Allen was driving an automobile at about 40 miles per hour from West Frankfort west toward Orient on two-lane Illinois Route 149, with the then 12-year-old plaintiff as his passenger. Dorris entered Route 149 from Industrial Park Road and drove west ahead of the Allen car for a short distance, then stopped without either brake lights or turn signals visible from behind. Jack Allen hit his brakes, the brakes locked, and his car skidded into a ditch, colliding with a concrete culvert which was adjacent to the stopped Dorris car. The impact caused Steven Allen's head to strike the dashboard, breaking his jaw and loosening some teeth. He also banged his knees. A doctor testified as to the extent of the injuries, and there is no contention that the amount of the verdict was excessive. Defendant Dorris appeals, contending that the trial court erred in dismissing count I of the complaint and setting aside the verdict based thereon; in ruling on an objection to a statement made by plaintiff's attorney during voir dire; in giving a narrative preinstruction to the jury; and in refusing to strike portions of plaintiff's complaint for want of competent proof. Defendant Jack Allen did not join in the appeal, so hereafter in this opinion any reference to "defendant" means defendant Dorris unless otherwise stated.

■■ Defendant first contends that the trial court committed error by granting plaintiff's motion to dismiss count I of the complaint and set aside the verdict based thereon. Initially the jury returned a verdict finding both defendants liable under count III for $30,000, and after being told to fill in the other forms, found defendant Dorris liable under count I for $1,000. Twenty-five days later plaintiff moved to dismiss count I of the complaint and set aside the verdict based thereon, and this motion was granted. Defendant characterizes this as "dismissing" the judgment which he contends may not be done. However, the record clearly shows that instead of dismissing the judgment, the court dismissed count I of the complaint and "set aside" the verdict based thereon. Section 50(5)

of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50(5) provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

This section plus the rule of many cases that a court has the power to correct a jury verdict and its own decrees to conform to the intent of the jury, thus authorize the action of the trial court in granting plaintiff's motion to dismiss count I and set aside the verdict based thereon. After the verdict on count III it was unnecessary for the jury to return a verdict on count I. The trial court unnecessarily sent the jury back twice to return a verdict on count I, and later properly dismissed that count upon timely motion.

Defendant contends that where defendants were charged jointly, the plaintiff after judgment does not have authority to elect the judgment he will choose, citing *Michels v. Bezley* (1957), 12 Ill.App.2d 456, 140 N.E.2d 134. However, in *Michels* both defendants were charged jointly in both counts, and the court held that there could be no election after judgments were entered and the 30-day period following their entry had passed. Here the first count charged defendant Dorris alone, and the motion to dismiss and set aside was filed before the 30-day period allowed by section 50(5) of the Civil Practice Act had passed, distinguishing this case from *Michels*. We feel that this case is more like *Schwehr v. Badalamenti* (1957), 14 Ill.App.2d 128, 143 N.E.2d 558, where the jury returned both joint and separate verdicts. The appellate court held that the appropriate action by the trial court was to enter judgment on the proper joint verdicts and ignore the separate verdicts which they regarded as an improper attempt to apportion damages between joint tortfeasors. Under the authority of *Schwehr* and section 50(5) of the Civil Practice Act, we hold that the trial court properly granted plaintiff's timely motion to dismiss count I of the complaint and set aside the verdict based thereon.

■■ Defendant next contends that the trial court ruled incorrectly on an objection to a statement of plaintiff's attorney. During voir dire examination of the jury, plaintiff's attorney stated to the jury that he had previously represented the defendant Dorris as a plaintiff on a personal injury suit. This statement was clearly improper as it was irrelevant to any issues in the case or to the qualifications of the jurors, and because it might have inferred that Dorris was a bad driver or accident prone. However, defendant's attorney did not object until after the jury was selected and impaneled. He then objected, out of the presence of the

jury, on the ground that the statement was irrelevant. The objection was overruled, and defendant's attorney neither requested an instruction to disregard the remark nor moved for a mistrial. Under these circumstances the error was waived. 2 Illinois Law and Practice *Appeal and Error*, section 263; *Gaffner v. Meier* (1948), 336 Ill.App. 44, 82 N.E.2d 818; *Andres v. Green* (1955), 7 Ill.App.2d 375, 129 N.E.2d 430; *Schoolfield v. Witkowski* (1964), 54 Ill.App.2d 111, 203 N.E.2d 460; *Bruske v. Arnold* (1968), 10 Ill.App.2d 428, 241 N.E.2d 191.

■■ Defendant next contends that the trial court erred in giving narrative preinstruction to the jury before the trial began, in addition to the regular instructions at the end of the trial. Before the preinstruction was given, defendant objected as follows:

> "We also object to this instruction on the basis that it contains elements of instructions which may not be applicable to the facts which is not ascertainable at the time this began. For example, circumstantial evidence, the number of witnesses testifying, evidence received for a limited purpose, attacking the credibility of a witness by introducing evidence on some former occasion of inconsistent statements, for the reason that it is not ascertainable at the time the instruction is being given as to the applicability of this to the facts to be adduced and we further object to the giving of the court's instruction at this particular stage of the proceeding for the reason that it does not comply with the rules of the Illinois Civil Practice Act and usual, customary practice as of the time of giving instructions."

This objection is well taken. In addition, section 67(3) of the Civil Practice Act provides in part:

> "*  *  * The court shall instruct the jury after the arguments are completed.  *  *  *"

We conclude that because it was both in narrative form and given before trial, it was error for the trial court to give this instruction. However, defendant has not demonstrated that he was prejudiced or harmed by this essentially cautionary instruction, and we therefore will not reverse this judgment because of it. However, we suggest that if a court wishes to furnish civil juries with cautionary information, it provide copies of the "Handbook for Jurors in Civil Cases" prepared by the Executive Committee of the Illinois Judicial Conference pursuant to the suggestion of the Supreme Court of Illinois, rather than give an improper preinstruction.

. Defendant's final contention is that the trial court erred in refusing to strike portions of plaintiff's complaint for want of competent proof. Subparagraphs of the complaint alleged as negligence the failure of de-

fendant Dorris to have his automobile equipped with brake lights or an electric turn signal showing to the rear, both in violation of statutes. Defendant urges that since defendant and a state patrolman who examined the vehicle the day following the accident testified that the vehicle was equipped with these devices, these subparagraph should have been stricken and that therefore the trial court erred in denying his post trial motion for a new trial.

■■ Assuming that the submission of this issue was error, the burden of proof was then upon the defendant to show that the error was prejudicial. (Section 68(4) of the Civil Practice Act.) As indicated by the Joint Committee Comments to this section, prior to the passage of this section, the law was that the submission of an unproved issue was not error because it would be presumed that the jury decided the case on the issue that was proved. This proposition was eloquently stated in *Scott v. Parlin & Orendorff Co.* (1910), 245 Ill. 460. As pointed out in the committee comments, this law has been changed somewhat by the statute which provides that the verdict should not be set aside or reversed where the evidence was insufficient to sustain a recovery unless the defendant made a motion to withdraw that ground from the jury and it appeared that the denial of the motion was prejudicial.

■■ However, the plain language of the statute places the burden on the defendant to show that the denial of the motion was prejudicial. If the jury believed that the defendant stopped suddenly on the highway with the condition of the weather as it was, they would have been entitled to find that the defendant was negligent, regardless of whether his car was properly equipped. Under the circumstances, we are unable to say that the trial court erred in denying defendant's motion for a new trial on this ground.

After a careful review of the entire record, we are of the opinion that although there were errors at trial, they did not prejudice the defendant or deny him a fair trial. We therefore affirm the judgment of the Circuit Court of Franklin County.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.